865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CLARK OIL CO., INC., Plaintiff-Appellant,
v.
TEXACO, INC., Defendant-Appellee.
 No. 86-1244.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1988.
Decided: Nov. 28, 1988.
 
 Gregg Remington Potvin (Southmayd, Powell & Taylor; Harold J. Tulley, Tulley & Spicer, on brief), for appellant.
 Terri Joy Frank (John F. Carberry, Texaco, Inc.; Robert R. Bowie, Jr., White, Mindel, Clarke & Hill, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clark Oil Co., Inc., appeals the action of the district court which, among other things, granted summary judgment to the defendant, Texaco, Inc. Clark Oil sued Texaco in June 1984 in the United States District Court for the District of Maryland alleging price discrimination in violation of section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. Sec. 13(a), and later amended the complaint to allege fraudulent concealment of that discrimination. In July 1986, it sought to again amend its complaint to include a count alleging violations of the good faith requirement of Maryland's Uniform Commercial Code.
 
 
 2
 Clark Oil had been a customer of Texaco for approximately forty years before this action, selling gasoline, diesel fuels, home heating oil, and other petroleum products to residential and business consumers. With the exception of two convenience stores, all of its customers were end users. During the association between Texaco and Clark Oil, the parties executed a series of one-year form contracts which had no quantity requirements and bound Texaco to sell only such amounts as it deemed "available for delivery." Until November 1977, the price Clark Oil paid to Texaco was a delivery price which included the cost of transporting the gasoline from Texaco's terminal to Clark Oil's storage facility. After November 1977, the contract provided only for a terminal price. Clark Oil first paid an outside contractor to transport the gasoline and later used its own trucks.
 
 
 3
 Other customers of Texaco had a different contractual relationship with Texaco evidenced by a different form contract. Customers who were given these contracts sold primarily to retail service stations and were considered distributors or marketers by Texaco. Their agreements placed on Texaco customers many requirements not included in the contract between Clark and Texaco. For instance, annual and monthly minimum and maximum quantities to be sold were specified. In addition, before Texaco would sign such an agreement, it required the customer to demonstrate sufficient storage capacities and financial resources. Many of these customers transported the gasoline from Texaco's terminal to their storage facilities themselves. Because these customers paid a delivery price, Texaco gave them a hauling allowance equivalent to the lowest common carrier rate available.
 
 
 4
 Between 1977 and 1981, Clark Oil attempted on several occasions to sell gasoline to retail service stations, three of which were being supplied by Texaco distributors. It based its Robinson-Patman price discrimination claim principally on its lack of success in obtaining service station business. It claims this was caused by its inability to meet the distributors' price because they received a hauling allowance and Clark Oil did not.
 
 
 5
 The district court dismissed the fraudulent concealment claim finding that Clark Oil had failed to make out a case under Maryland law. It struck part of Clark Oil's affidavit in opposition to the motion for summary judgment and granted Texaco summary judgment. On the summary judgment motion, the district court determined that Clark Oil and the distributors were not in competition because they served separate classes of trade. It held, therefore, that any price discrimination was not in violation of section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act. The court also denied Clark Oil leave to amend on the ground that its suggested additional count was frivolous. Clark Oil appeals from all of these decisions. Finding no merit to any of its arguments, we affirm on the basis of the district court's reasoning. Clark Oil Co., Inc. v. Texaco, Inc., Civ.Action No. 84-2650-M (D.Md. Sept. 12, 1986).
 
 
 6
 AFFIRMED.